

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2003

# Lebid v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 02-2576

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lebid v. Atty Gen USA" (2003). *2003 Decisions.* Paper 563.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/563

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 02-2576

ALEKSANDR LEBID; MARINA LEBID;
ARTEM LEBID; DARIA LEBID,

Petitioners

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

On Petition for Review from an Order of the
Board of Immigration Appeals
( Agency No: A73-032-541;
Agency No: A73-032-540;
Agency No: A73-173-203;
Agency No: A73-173-206)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2003

BEFORE: MC KEE, SMITH and COWEN, Circuit Judges

(Filed:  May 8, 2003)

OPINION

COWEN, Circuit Judge.

Aleksandr Lebid, his wife Marina Lebid, and their children Artem Lebid and Daria Lebid appeal from the May 13, 2002 orders of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of asylum and withholding of deportation. Their petition for review will be denied.

I.

The Lebids are natives and citizens of Ukraine. Marina Lebid's great-aunt, called "grandma" by the Lebids, is a citizen of the United States. She previously sent parcels to Marina Lebid's family. The family, with this help, was able to build a house. The Lebids lived in this house after marriage and also continued to receive assistance from their American relative, allowing them to get a car. They claim that this assistance gave rise to a pattern of harassment by several unidentified individuals.

The Lebids received threatening phone calls from 1985 to 1993. Unknown persons also threw a rock through the window of the nursery while the children were sleeping. On another occasion, an unidentified individual threw a bottle at their unoccupied car, causing a dent. Aleksandr Lebid also described an assault that occurred on May 20, 1993. On returning home from work, three men, identifying themselves as members of Rukh, the country's main nationalist party, approached him. The individuals called him an American and demanded money so they could buy alcohol. They then attacked him. The men told him to "get out of here, you American," and they threatened

2

to go to his house. A.R. at 42. Aleksandr Lebid lost consciousness and suffered serious injuries to his face and leg. He did not awake again until he was at the hospital.

Aleksandr Lebid testified that the most serious incident of harassment, involving his children, occurred in June 1990. An unidentified individual opened the gate to their front yard and allowed a dog to come into the yard where the children were playing. The dog jumped on Daria Lebid, knocking her to the ground and injuring her forehead. Although her injury was stitched up at the hospital, she remains permanently scarred.

The great-aunt invited the Lebids to come to the United States. The Lebids were admitted as nonimmigrant visitors for pleasure to remain for a period not to exceed six months. Instead of leaving at the end of the six-month period, Aleksandr Lebid filed an application for asylum and withholding of deportation in December 1993. On February 9, 1996, the Immigration and Naturalization Service ("INS") issued Orders to Show Cause charging the Lebids with being deportable under section 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(1)(B). The Lebids conceded deportability at the September 3, 1996 master calender hearing. Following an evidentiary hearing on November 13, 1997, the immigration judge denied the applications of Aleksandr Lebid and Marina Lebid for asylum and withholding of deportation but allowed for voluntary departure. The BIA affirmed the immigration judge's ruling without opinion in orders dated May 13, 2002. The Lebids timely filed their appeal with this Court.

3

This Court has jurisdiction under former INA section 106(a), 8 U.S.C. § 1105a(a). An alien is eligible for asylum only if he or she is unwilling to return to the country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The burden of proof rests with the alien. *See, e.g., Chen Yun Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). The INA further provides for mandatory withholding of removal in certain cases. An applicant for withholding must demonstrate "a 'clear probability' of persecution." *Janusiak v. INS*, 947 F.2d 46, 47-48 (3d Cir. 1991) (quoting *INS v. Stevic*, 467 U.S. 407, 424 (1984)). Because the burden on the alien to prove eligibility for non-discretionary withholding is higher than the standard of proof for asylum, an alien who fails to satisfy the requirements for asylum is unable to establish any right to withholding. *Id.* at 47-48. Given the absence of a separate opinion by the BIA, we must review the immigration judge's decision. *See, e.g., Gao*, 299 F.3d at 271. The immigration judge's factual findings are reviewed under a substantial evidence standard. *See, e.g., INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "'Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir. 1998) (citation omitted). The

immigration judge's findings may be rejected only if the evidence compels a contrary conclusion.  *See, e.g., Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

The Lebids assert that the immigration judge erred in not accepting their "credible testimony that they have suffered these threats and acts solely on account of their . . . membership in a particular social group."[1]  Pet'rs.' Br. at 10.  Even assuming that the Lebids have properly preserved this issue and that their relationship with a great-aunt in the United States gave rise to a protected social group, the record evidence furnished sufficient evidence to support the determination that the family did not suffer past persecution or possess a well-founded fear of future persecution.

It is well established that the concept of persecution, while encompassing extreme forms of misconduct, does not include all actions regarded by society as offensive.  *Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir. 1993).  The immigration judge appropriately noted that the past incidents "exemplify the kinds of crime that could be easily committed against individuals throughout the world," including in the United States.  A.R. at 49.  Although the family was the target of harassment and vandalism and the May 20, 1993 assault and the June 1990 dog attack apparently were serious crimes, this course of conduct was not sufficiently egregious to constitute past persecution or to give rise to a well-founded fear of persecution in the future.

---

[1]  The Lebids also refer to persecution on account of political opinion.  We do not address this issue of political persecution because of the absence of any substantial argument on the part of the Lebids as to this question.

5

Even if the conduct is sufficiently egregious, the alien must also demonstrate that it was committed by either the government or forces that it was "'either "unable or unwilling" to control.'" *Gao*, 299 F.3d at 272 (quoting *Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000)). The family never apparently reported most of the incidents to the police, due in part to a concern about police corruption. Aleksandr Lebid did report the beating to the police who responded that nothing could be done about "hooligans." A.R. at 238. But he did not notify the police until approximately a month after the attack, and it therefore appears reasonable that this crime, involving unknown members of the country's primary nationalist party, would remain unsolved. Under these circumstances, there was a lack of the necessary connection between the actions against the Lebids and Ukranian government officials to give rise to either past persecution or the fear of future persecution.

The Lebids therefore failed to establish their eligibility for asylum. Given this failure, we likewise find that the immigration judge properly rejected any claim for withholding of deportation.

III.

For the foregoing reasons, the petition for review will be denied.

TO THE CLERK:

        Please file the foregoing opinion.

                             /s/ Robert E. Cowen
                             United States Circuit Judge

<u>M E M O R A N D U M</u>

DATE:      May 7, 2003

TO:       Marcia M. Waldron, Clerk

FROM:    Judge Cowen

RE:       *Lebid, et al. V. Ashcroft*,
           No. 02-2576; Submit: 4/1/03

Dear Marcy:

     Kindly file the enclosed Not Precedential Opinion in the above-captioned case. The signed original will be forwarded in the mail.

                    Sincerely,


                    Robert E. Cowen

REC:daj

enc.

cc: Judge McKee (memo only)
    Judge Smith (memo only)